UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
**DENNIS LAMONICA,**                )
                                   )        CIVIL ACTION
          **Plaintiff,**            )
                                   )        NO. 18-11376-TSH
                                   )
          **v.**                    )
                                   )
**FAY SERVICING, LLC and U.S. BANK,**)
**N.A. AS TRUSTEE FOR TRUMAN 2016** )
**SC6 TITLE TRUST,**                )
                                   )
          **Defendants.**           )
_____)

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS**
**(Docket No. 7)**

**December 21, 2018**

**HILLMAN, D.J.**

Dennis Lamonica ("Plaintiff") alleges that Fay Servicing, LLC and U.S. Bank ("Defendants") wrongfully foreclosed on his property at 60 Latisquama Road, Southborough, Massachusetts (the "Property"). His Complaint asserts three claims: wrongful disclosure (Count I), breach of contract (Counts II), and declaratory judgement that Defendants' lacked standing to foreclose (Count III). Defendants subsequently filed a motion to dismiss for failure to state a claim upon which relief can be granted as to all three claims. (Docket No. 7). Plaintiff thereafter voluntarily withdrew Count III but opposed Defendants' motion with respect to Counts I and II. For the reasons below, with respect to Counts I and II, Defendants' motion is ***denied***.

**Background**

The following facts are taken from Plaintiff's complaint and documents incorporated therein by reference and assumed to be true at this stage in the litigation. (Docket No. 1-1).[1]

By deed dated March 14, 2007, and recorded with the Worcester County Registry of Deeds, Plaintiff became the sole record owner of the Property. That day, Plaintiff was also granted a mortgage loan, secured by the Property, in the amount of $349,200.00 (the "Mortgage"). The Mortgage was subsequently assigned to several entities the last being U.S. Bank on June 29, 2017. On July 14, 2017, U.S. Bank recorded the assignment. Fay Servicing is the loan servicer for U.S. Bank for the Mortgage.

The Mortgage mandates that the "Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument." (Docket No. 8-1 ¶ 22). In addition, the Mortgage states:

> All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means.

*Id.* ¶ 15.

On January 10, 2018, Defendants filed an Order of Notice in the Massachusetts Land Court to determine Servicemember status of Plaintiff for the purpose of initiating foreclosure action against him. On April 24, 2018, Fay Servicing filed an affidavit pursuant to Mass. Gen. L. c. 244 §§ 35B and 35C in furtherance of Defendants' continuing efforts to foreclose on the Property.

According to Plaintiff, prior to acceleration and foreclosure, he never received notice in accordance with the Mortgage.

---

[1] I find that the Mortgage has been sufficiently referenced in Plaintiff's Complaint as to be incorporated by reference. (Docket No. 8-1). *See In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 15 (1st Cir. 2003) ("These principles require us to consider not only the complaint but also matters fairly incorporated within it and matters susceptible to judicial notice.").

**Standard of Review**

A defendant may move to dismiss, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559, 127 S.Ct. 1955 (2007).  Although detailed factual allegations are not necessary to survive a motion to dismiss, the standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555, 127 S.Ct. 1955.  "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011).

In evaluating a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 68 (1st Cir. 2000).  It is a "context-specific task" to determine "whether a complaint states a plausible claim for relief," one that "requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937 (2009) (internal citations omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).  On the other hand, a court may not disregard properly pled factual allegations, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955.

**Discussion**

According to Massachusetts law, foreclosure by power of sale requires that a foreclosing bank comply with the terms of the mortgage. Mass. Gen. L. c. 183, § 21.  If a bank fails to strictly

3

comply with the power of sale and the terms of the mortgage, then the foreclosure is void. *U.S. Bank Nat'l Ass'n v. Schumacher*, 467 Mass. 421, 428, 5 N.E.3d 882 (2014) ("Failure to comply strictly with the power of sale renders the foreclosure void.").  Also under Massachusetts law, a plaintiff asserting breach of contract must demonstrate that (1) an agreement was made between plaintiff and defendant that was supported by consideration, (2) plaintiff was ready, willing and able to perform, (3) defendant failed to perform a material obligation provided for in the contract and (4) plaintiff suffered harm caused by defendant's failure to perform. *Coady Corp. v. Toyota Motor Distributors, Inc.*, 346 F. Supp. 2d 225, 248 (D. Mass. 2003), *aff'd*, 361 F.3d 50 (1st Cir. 2004) (citing *Singarella v. City of Boston*, 342 Mass. 385, 387, 173 N.E.2d 290 (1961)).  Here, because the contract at issue is the Mortgage, both claims are predicated on an alleged breach of the Mortgage agreement between the parties.

Defendant argues that "Plaintiff's allegation that he did not receive notice fails to support his claim for violation of the Mortgage's power of sale clause only requires the mortgagee to 'give notice.'" (Docket No. 8, at 6).  Defendant further notes that the Mortgage states:

> All notices given by Borrower or Lender in connection with this Security Instrument must be in writing.  Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means.

(Docket No. 8-1 ¶ 15).  According to Defendant, it follows that even if Plaintiff's factual allegations that he did not receive notice are true, Plaintiff does not allege a violation of the state's foreclosure statute or a breach of the Mortgage.

Defendant correctly notes that even if Plaintiff did not receive notice, this fact is not inherently violative of the terms of the Mortgage.  Defendant does not, however, acknowledge the reasonable inferences that that may be drawn (and at this stage in the litigation must be drawn in

4

Plaintiff's favor) from the fact that Plaintiff never received notice. It is certainly a reasonable inference that, since Plaintiff alleges to have not received notice, one was never sent. *See U.S. ex rel. Westmoreland v. Amgen, Inc.*, 812 F. Supp. 2d 39, 79 (D. Mass. 2011) ("Generally, evidence of non-receipt is insufficient to rebut the presumption of *receipt* under the mailbox rule, but it does present a triable question of fact whether the letter was properly *sent*." (emphasis in original)); *In re Yoder Co.*, 758 F.3d 1114, 1117 (6th Cir. 1985) ("Testimony of non-receipt is evidence that the notice was not mailed."). Therefore, I find that it is plausible that Defendant never sent notice.[2]

## Conclusion

For the reasons stated above, Defendants' motion to dismiss (Docket No. 7) is ***denied***.

**SO ORDERED**

>                                      */s/ Timothy S. Hillman*
>                                      **TIMOTHY S. HILLMAN**
>                                      **DISTRICT JUDGE**

---

[2] Defendant also contends that it is "paradoxical" for Plaintiff to allege that no notice of default was sent but also argue that any notice that was sent failed to contain the required information. Pursuant to Fed. R. Civ. P. 8(d), however, "a party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Accordingly, Plaintiff argues that he never received any notice. This fact makes the inference that no notice was sent a plausible one. In the alternative, Plaintiff argues that hypothetically, even if notice was sent, it did not contain the required information. At this stage, nothing about Plaintiff's alternative claims is improper.